FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW and SARAH ALERIA, individually and for the marital community thereof,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, doing business in the State of Washington,<br><br>    Defendant. | No. 2:23-CV-00268-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**ECF No. 19** |

Before the Court is Plaintiffs' Motion for Reconsideration, ECF No. 19. Defendant opposes the motion. ECF No. 20. Plaintiffs did not file a reply. Plaintiffs are represented by Joseph Kuhlman and Ryan Best. Defendant is represented by Christopher Furman and James Hicks. The motion was heard without oral argument. The Court has reviewed the record and is fully informed. For the reasons that follow, the Court denies the motion.

Plaintiffs ask the Court to reconsider its February 1, 2024 Order of Dismissal, ECF No. 18, dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a) and awarding Defendant attorneys' fees and costs in the amount of $8,025.00. Plaintiffs claim the fee award was in error

**ORDER -** 1

because Defendant suffered no legal prejudice from the removal. They further claim the award is manifestly unjust because it "creates a chilling effect on legitimate litigation by David-like individuals against a Goliath-like megacoporation like Defendant." ECF No. 19 at 6. Alternatively, Plaintiffs ask the Cour to reduce the award to $2,715.00 by eliminating payment for hours spent by defense counsel opposing the dismissal. ECF No. 19 at 6.

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiffs fail to proffer any grounds justifying reconsideration. Having failed to file a reply brief, Plaintiffs left uncontested Defendant's detailed 12-page opposition to the motion for voluntary dismissal, including Defendant's request for the award of fees and costs. Defendant contended that Plaintiffs' allegations of damages below $75,000 amounted to bad faith and forum manipulation. ECF No. 11 at 5. Defendant also commented on the fact that Plaintiffs' stipulation to a maximum amount of damages less than $75,000 did not include any reference to punitive damages or attorney's fees, raising concerns about disclaiming damages to defeat federal jurisdiction while preserving the right to recover more in future litigation. ECF No. 11 at 5-7. Defendant urged the Court to award fees and costs where the loss of a federal forum was a legal interest amounting to legal prejudice and the dismissal amounts to forum shopping. Plaintiffs now claim that an award of fees and costs is improper because of lack of prejudice. The reconsideration process is not one to raise arguments that could have been raised in briefing permitted by the Local Civil Rules, such as the lack of prejudice, inequities, or alleged chilling effect of a fee award.

**ORDER -** 2

1       After Defendant filed its response to the motion for voluntary dismissal, Plaintiffs should have known of their option to withdraw the motion, thereby avoiding the award of costs and attorney's fees. *See Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 476-77 (9th Cir. 1990). Instead, Plaintiffs failed to respond at all.

      Plaintiffs' counsel also failed to appear for oral argument ordered by the Court. The hearing was held on January 26, 2024, two days after Mr. Kuhlman entered his notice of appearance. The hearing commenced at 9:00 a.m. and adjourned at 9:10 a.m. ECF No. 16. The Court waited until 9:05 a.m. and at that time, the courtroom deputy emailed both attorneys for Plaintiffs. At 9:18 a.m., after the hearing had concluded, the Court received a response email from Mr. Best indicating Mr. Kuhlman "should be attending." At 9:19 a.m. and 9:23 a.m. the Court received automated messages generated by the Zoom platform that Mr. Kuhlman was attempting to join the hearing. The Court received no notice, either by email, phone or filed declaration, that Mr. Kuhlman had been attempting to join the hearing since 9:01 a.m., as is now presented in the Motion for Reconsideration. Mr. Kuhlman's attempted appearance does not justify reconsideration.

      The Court's attorney fee award includes compensation for 21.5 hours spent opposing Plaintiffs' motion for voluntary dismissal. Plaintiffs ask the Court not to award fees for this work because it was "not related to the removal." ECF No. 19 at 6. However, the interests of justice and the mandate of Federal Rule of Civil Procedure 41(a)(2) are served by awarding fees and costs associated with the removal and opposing the motion for voluntary dismissal. Reasonable costs and fees "are often imposed upon a plaintiff who is granted voluntary dismissal under [Rule] 41(a)(2)." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *see also Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (noting "work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal"); *Marlow v. Winston & Strawn*, 19 F.3d 300, 306 (7th

**ORDER** - 3

Cir. 1994) ("As a general rule, an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim, is an entirely appropriate condition of dismissal."). Defendant expended considerable resources both with respect to removal and the dismissal, which is all work that cannot be used in the future. Given the legal complexities associated with both removal and voluntary dismissal, and the quality of work based on extensive legal research, the hours expended by defense counsel were not unreasonable.

Plaintiffs have not proffered grounds for reconsideration of the Court's February 1, 2024 Order.

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' Motion for Reconsideration, **ECF No. 19**, is **DENIED**.

2. The fee award shall be paid within **sixty (60)** days of this Order, unless otherwise ordered by the Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of March 2024.

Stanley A. Bastian
Chief United States District Judge

**ORDER -** 4